# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                             Tel: 718-740-1000
Email: abdul@abdulhassan.com                                          Fax: 718-740-2000
*Employment and Labor Lawyer*                                         Web: www.abdulhassan.com

June 24, 2019

**Via ECF**

Hon. Eric N. Vitaliano, USDJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: Samake v. Thunder Lube Inc. et al</u>
Case No.  19-CV-1094 (ENV)(RER)
**Response to Court's June 18, 2019 Order**

Dear Judge Vitaliano:

    My firm represents Plaintiff in the above-referenced action, and I respectfully write in response to Your Honor's June 18, 2019 order which states as follows:

> ORDER re [13] Letter filed by Sekouba Samake, [12] Notice of Voluntary Dismissal filed by Sekouba Samake. Plaintiff has filed a notice of voluntary dismissal without prejudice and implies that no settlement has been reached, but has not expressly informed the Court whether a settlement has been reached. Plaintiff is directed to file a further letter on ECF, by June 24, 2019, stating whether the parties have reached a settlement, and, if so, whether they intend to file a motion for settlement approval. See Gallardo v. PS Chicken Inc., 285 F. Supp. 3d 549 (E.D.N.Y. 2018) (conducting Cheeks review where parties filed stipulation of dismissal without prejudice in apparent effort to evade judicial review); Carson v. Team Brown Consulting, Inc., No. 16-CV-4206 (LDH) (RLM), 2017 WL 4357393, at *3 (E.D.N.Y. Sept. 29, 2017) (discussing "potential preclusive effect of a dismissal without prejudice" in light of overbroad release provisions and the applicable statute of limitations). The Court reserves decision on whether to so-order the voluntary dismissal. Ordered by Judge Eric N. Vitaliano on 6/18/2019.

    Specifically, there is no settlement of this action. By way of confirmation, defense counsel emailed me on June 23, 2019 and stated in relevant part as follows:

>The Court order only asked you to answer a simple question; whether or not the case has settled. The case has not settled. I asked my client, as a courtesy to you, whether they would entertain settlement, to which they responded that they would not.

However, this Court's June 23, 2019 order highlights an issue which may require further briefing and ruling form this Court. In this regard, this Court noted that a dismissal without prejudice may violate *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), if it has a "potential preclusive effect" based on issues such as "statute of limitations" and other barriers. Notably, the purported arbitration agreement in this case improperly shortens the FLSA statute of limitations and imposes several procedures as a pre-condition to arbitration and suit. In fact, the purported agreement specifically states that "the notice provision contained herein is considered a condition precedent to the instituting of any arbitration action." (ECF No. 7-1, ¶ 1).

Because the shortened statute of limitations period as well as the procedures laid out in the purported arbitration agreement (ECF No. 7-1, ¶ 1), are inconsistent with the FLSA and were not complied with, dismissal of this action will preclude the Plaintiff from pursuing his FLSA claims in arbitration or in court if the purported agreement is valid – and Plaintiff will therefore lose his FLSA claims by way of improper waiver in violation of the FLSA and *Cheeks*.

As such, in light of this Court's order and concerns under *Cheeks*, this case must continue in this Court.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:     Defense Counsel via ECF**